# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SIDNEY HIGHTOWER, | ) | Case No. 00-80305 |
| | ) | Case No. 06-11883 |
| Petitioner, | ) | |
| | ) | Arthur J. Tarnow |
| v. | ) | District Judge |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____/

## ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY [DE 144] and DENYING PETITIONER'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES [DE148]

## I. INTRODUCTION

On June 18, 2007, this Court denied Petitioner's Motions to Vacate Under 28 U.S.C. § 2255, and for Leave to Amend the motion to vacate. Before the Court is Petitioner's Motion for a Certificate of Appealability [DE 144], filed August 3, 2007, as well as his application to proceed without prepayment of fees [DE 148]. For the reasons that follow, the motion for a certificate of appealability is DENIED, and the application is DENIED as MOOT.

## II. ANALYSIS

An appeal may not be taken from the final order of a district court denying a motion filed pursuant to 28 U.S.C. § 2255 unless a certificate of appealability issues. 28 U.S.C. § 2253 (c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability ("COA") may be issued "only if the applicant has made a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court explained such a showing requires the petitioner to demonstrate

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id*. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4 (1983)).

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability.  *See Murphy v. State of Ohio*, 263 F.3d 466 (6th Cir. 2001) (per curiam). Such a review of Petitioner's claims follows.

## A.  Whether Petitioner's waiver of a right to file a 28 U.S.C. § 2255 petition was knowing, voluntary, and intelligent

Petitioner begins his application by challenging whether he knowingly and intelligently waived his right to file a  28 U.S.C. § 2255 petition.  At issue is whether defense counsel led Petitioner to believe that he could pursue collateral relief  on the basis of ineffective assistance of counsel.   In addition, Petitioner argues that the omission of the term "2255" in his plea agreement prevented a valid waiver.

The record here includes lengthy explanations of the rights Petitioner waived,

as well as frequent questions to confirm his understanding and his willingness to plead guilty. The Court noted expressly that Petitioner was "giving up his right to appeal his conviction and sentence, and his right to collateral relief." The record indicates that the term "collateral relief" was explained to the Petitioner, and that the term "2255" was used twice in that explanation. The Court followed its explanations by confirming that Petitioner understood.

The record does reflect some confusion over whether the appellate waiver extended to an appeal based on ineffective assistance of counsel. When the issue arose, the Court said whether Petitioner maintained the right to claim inadequate assistance "is something for the court of appeals to decide." Guilty Plea Hr'g., March 11, 2003, Tr. 61.

The Court need not decide whether the Petitioner waived his right to appeal ineffective assistance of counsel, because as explained below, his claims on that issue lack merit. Judicial economy permits a court to evaluate a substantive habeas claim, where procedural default or other issues are more complex. *See Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997); *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir.2003). In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of this claim.

## B. Whether ineffective assistance of counsel prevented a knowing waiver

In his second claim, Petitioner supports his lack of a knowing waiver argument by asserting ineffective assistance of counsel. His specific complaint is that defense counsel advised Petitioner that he would receive an additional acceptance of

responsibility point, but failed to argue for this reduction at the sentencing hearing.

The test for ineffective assistance of counsel is two-pronged: the petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). In evaluating such claims, counsel is entitled to, and a defendant must overcome, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." *Id*. at 689. To establish prejudice, counsel's errors must have been so significant that they deprived the petitioner of a fair trial or appeal, *id*. at 687, or otherwise rendered the result unreliable, *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

Contrary to Petitioner's argument, the transcript indicates that defense counsel did raise the third acceptance of responsibility point to the Court. This was opposed by the Government, and Petitioner was clearly informed that he was facing a potential sentence guideline range that did not incorporate that extra point. Counsel's performance on this issue contains no errors that would implicate *Strickland.*

## C. Whether a knowing and voluntary waiver was prevented by the Court's participation in plea negotiations

Petitioner claims further that his waiver was not knowing or voluntary because the Court erroneously participated in plea negotiations. Contrary to his assertions, a review of the transcript reveals that the Court sought only to ensure that both sides, including the Petitioner himself, understood the terms of the plea agreement. After clarification of a number of issues, the Court adjourned to permit the parties to update

and review the proposed plea agreement. The Court did not improperly participate in plea negotiations.

## D. Whether an actual conflict of interest resulted in ineffective assistance of counsel

Petitioner claims that counsel had an "actual conflict of interest" which adversely affected his performance. However, when asked during the plea hearing whether Petitioner was satisfied with his attorney's representation, he answered, "Yes."

Decisions within the Sixth Circuit hold that "[a] claim of conflict of interest alone . . . is insufficient to justify reversal of a conviction." *Reedus v. Stegall*, 197 F.Supp.2d 767, 782 (E.D.Mich. 2001) (citing *United States v. Hall*, 200 F.3d 962, 966 (6th Cir.2000)). The burden on a petitioner asserting conflict is significant:

> Petitioner must demonstrate that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance. Petitioner must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative courses of action.

*Id*. at 782-83 (internal citations and punctuation omitted).

In this case, Petitioner's complaints about his attorney did not give rise to an actual conflict of interest. Furthermore, Petitioner cites no choices made by his attorney that would support a finding of adverse impact on his representation. On this claim, the Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

**E.  Whether appellate counsel was ineffective**

Petitioner also claims ineffective assistance of appellate counsel because of a failure to raise on appeal this Court's denial of Petitioner's motions to withdraw his guilty plea and for reconsideration of the motion to suppress.  Omitting a "dead-bang winner," that is, an error obvious from the trial record which would merit reversal, amounts to ineffective of appellate counsel.  *United States v. Cook*, 45 F.3d 388, 395 (10th Cir.1995) (citing *Page v. United States*, 884 F.2d 300, 302 (7th Cir.1989)).  However, the issues cited by Petitioner are not such "dead-bang winners."

Furthermore, a defendant "does not have a constitutional right to have his counsel press non-frivolous points if counsel decides as a matter of professional judgment not to press those points."  *Coleman v. Mitchell*, 244 F.3d 533, 541 (6th Cir. 2001) (citing *Jones v. Barnes*, 463 U.S. 745, 750-51 (1983)).

Here, the only issue preserved for appeal was that of Petitioner's motion to suppress.  Appellate counsel raised that issue, as well as a challenge to Petitioner's sentence, pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004).  Other points Petitioner's appellate counsel chose not to press were precluded by the waiver in his plea agreement.  Counsel's decision not to pursue those arguments is entitled to *Strickland*'s presumption of reasonable professional assistance, further supported by *Coleman*'s deference to professional judgment.

**F.  Petitioner's claim under *Booker***

Finally, Petitioner claims that *United States v. Booker*, 543 U.S. 220 (2005), is retroactive, and applicable to this case, because Petitioner expressly raised a *Booker* argument on direct appellate review. That claim was denied by the Sixth Circuit, in an order which affirmed this Court's judgment. *United States v. Hightower*, No. 03-2589 (6th Cir. August 10, 2005) [DE 127] ("[W]e note that Hightower has waived his right to appeal his sentence, and his sentence is not now reviewable." *Id.*, slip op. at 2.). Because this Court has found Petitioner's waiver on this issue to be knowing and voluntary, this claim represents no "substantial showing of the denial of a constitutional right."

## III. CONCLUSION

IT IS HEREBY ORDERED that Petitioner's motion for certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner's application to proceed without prepayment of fees is DENIED AS MOOT.

SO ORDERED.


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge


Dated: November 30, 2007

7

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2007, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager